## UNITED STATES v. BOSTON & MAINE R. R.

## OLD COLONY TRUST COMPANY et al., Executors, v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, First Circuit. May 2, 1928.

Nos. 2235, 2218.

William E. Davis, of Washington, D. C., and Frederick H. Tarr, U. S. Atty., of Boston, Mass. (C. M. Charest, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel; J. M. Leinenkugel, Sp. Asst. U. S. Atty., of Boston, Mass., on the brief), for the United States.

Thornton Alexander, of Boston, Mass. (J. S. Y. Ivins, Kingman Brewster, Edmund S. Kochersperger, and O. R. Folsom-Jones, all of Washington, D. C., of counsel), for Boston & M. R. R.

Mabel Walker Willebrandt, Asst. Atty. Gen., and Sewall Key and Morton P. Fisher, Sp. Asst. Attys. Gen. (C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., of counsel), for Commissioner of Internal Revenue.

Root, Clark, Buckner, Howland & Ballantine, of New York City (Arthur A. Ballantine and George E. Cleary, both of New York City, of counsel), for Old Colony Trust Co. and another.

Before BINGHAM and JOHNSON, Circuit Judges, and MORTON, District Judge.

The facts in No. 2235 are as follows:

This action is brought by the Boston & Maine Railroad to recover income taxes for the year 1917, claimed to have been erroneously collected. In the District Court the plaintiff recovered a judgment for the full amount of its demand—$3,920.55 and interest.

June 30, 1900, the Fitchburg Railroad Company leased all its railroad and property of every description to the Boston & Maine Railroad for the term of 99 years. In the lease the lessee covenanted to pay specified rentals, to maintain and replace the leased properties in manner indicated, to pay all operating expenses, and to pay "all taxes of every description, federal, state and municipal, upon the lessor's property, business, indebtedness, income, franchises, or capital stock, or said rental," and to pay divers other charges.

In 1918 an income tax return, under the provisions of the Revenue Acts of 1916 and 1917 (39 Stat. 756, 1000), was filed on behalf of the Fitchburg Railroad Company for the calendar year 1917, upon which taxes amounting to $61,422.06 were assessed. These taxes were paid to the Commissioner of Internal Revenue by the Boston & Maine Railroad pursuant to the terms of the lease. The Fitchburg Railroad Company was consolidated with the Boston & Maine Railroad in 1919.

In 1921 the Commissioner of Internal Revenue assessed an additional income tax against the Fitchburg Railroad Company of $3,920.55. In doing this it treated the payment of $61,422.06 made by the Boston & Maine Railroad to the collector of internal revenue as additional taxable income to the Fitchburg Railroad Company to the extent of $65,342.61. This additional tax of $3,920.55 was paid to the collector of internal revenue by the Boston & Maine Railroad in July, 1921.

The claim for refund of this additional tax was duly filed with the Commissioner of Internal Revenue, but was never formally acted upon, and more than six months having elapsed after it was filed, this action was brought for the recovery of the tax so paid.

Before BINGHAM and JOHNSON, Circuit Judges, and HALE, District Judge.

The facts in No. 2218 are as follows:

This is a petition to review a decision of the United States Board of Tax Appeals. The petitioners are the executors of the will of William M. Wood, deceased. The Board of Tax Appeals found a deficiency in the

federal income tax of Mr. Wood for the year 1919 of $708,781.93, and for the year 1920 of $350,837.14. The petition for review was duly filed pursuant to sections 1001 and 1002 of the Revenue Act of 1926 (26 USCA §§ 1224, 1225) and rule 38 of this court.

William M. Wood was president of American Wool Company during the years of 1918, 1919, and 1920. In 1918 he received as salary and commissions from the company $978,725, which he included in his federal income tax return for 1918. In 1919 he received as salary and commissions from the company $548,132.87, which he included in his federal income tax return for 1919.

August 3, 1916, the American Woolen Company duly adopted the following resolution, which was in effect in 1919 and 1920:

"Voted: That this company pay any and all income taxes, state and federal, that may hereafter become due and payable upon the salaries of all the officers of the company, including the president, William M. Wood; the comptroller, Parry C. Wiggin; the auditor, George R. Lawton; and the following members of the staff, to wit, Frank H. Carpenter, Edwin L. Heath, Samuel R. Haines, and William M. Lasbury, to the end that said persons and officers shall receive their salaries or other compensation in full without deduction on account of income taxes, state or federal, which taxes are to be paid out of the treasury of this corporation."

This resolution was amended on March 25, 1918, as follows:

"Voted: That, referring to the vote passed by this board on August 3, 1916, in reference to income taxes, state and federal, payable upon the salaries or compensation of the officers and certain employees of this company, the method of computing said taxes shall be as follows, viz.:

"The difference between what the total amount of his tax would be, including his income from all sources, and the amount of his tax when computed upon his income excluding such compensation or salaries paid by this company."

Pursuant to these resolutions the American Woolen Company paid to the collector of internal revenue Mr. Wood's federal income and surtaxes due to salary and commissions paid him by the company as follows:

Taxes for 1918 paid in 1919...... $681,169.88
Taxes for 1919 paid in 1920...... 351,179.27

The decision of the Board of Tax Appeals here sought to be reviewed was that the income taxes of $681,169.88 and $351,179.27 paid by the American Woolen Company for Mr. Wood were additional income to him for the years 1919 and 1920.

In view of the foregoing we desire the instruction of the Supreme Court upon the following question:

Did the payment by the lessee in No. 2235, or by the employer in No. 2218, of the income taxes, assessable against the lessor in the first case and the employer in the second, constitute additional taxable income to such lessor or to such employee?

We are informed that numerous cases are pending in which this question is involved, and because of this we take this action.

It is now, to wit, May 2, 1928, ordered that the foregoing statement of facts, and question of law arising thereon, together with the fact that this court desires the instruction of the Supreme Court for the proper decision of said question of law, be certified under the seal of this court, and transmitted to the Supreme Court.

By the Court:

Arthur I. Charron, Clerk.